**WO**                                                                                                    SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Luis Alonso Villa-Romero,                    )        No. CV 08-2206-PHX-MHM (ECV)
                                             )
              Plaintiff,                     )        **ORDER**
                                             )
vs.                                          )
                                             )
Joseph M. Arpaio,                            )
                                             )
              Defendant.                     )
_____     )

Plaintiff Luis Alonso Villa-Romero, who is confined in the Arizona State Prison Complex, Tonto Unit, in Safford, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1]  (Doc.# 1, 3.)[2]  The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

---

[1]  Many inmates apparently believe that they will receive an immediate payout from a fund established in the class action <u>Hart v. Hill</u>, now <u>Graves v. Arpaio</u>, No. CV 77-0479-PHX-NVW.  No such fund exists.  The inmates in <u>Graves</u> asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

[2]  "Doc.#" refers to the docket number of filings in this case.

**JDDL-K**

1    separate Order requiring the appropriate government agency to collect and forward the fees

2    according to the statutory formula.

3    **II.**    **Statutory Screening of Prisoner Complaints**

4        The Court is required to screen complaints brought by prisoners seeking relief against

5    a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

6    § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7    claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8    be granted, or that seek monetary relief from a defendant who is immune from such relief.

9    28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the

10    allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint

11    before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

12    (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This

13    type of advice "would undermine district judges' role as impartial decisionmakers." Pliler

14    v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

15    whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint

16    will be dismissed for failure to state a claim with leave to amend because the Complaint may

17    possibly be saved by amendment.

18    **III.**    **Complaint**

19        Plaintiff alleges one count concerning his conditions of confinement in the Maricopa

20    County Jail. He sues only Maricopa County Sheriff Joseph M. Arpaio. Plaintiff seeks

21    compensatory and punitive relief.

22    **IV.**    **Failure to State a Claim**

23        To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

24    conduct about which he complains was committed by a person acting under the color of state

25    law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.

26    Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a "'plaintiff generally must assert his

27    own legal rights and interests, and cannot assert the legal rights or interests of third parties.'"

28    Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting

1  Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, a plaintiff must allege that he

2  suffered a specific injury as a result of the conduct of a particular defendant and he must

3  allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

4  Goode, 423 U.S. 362, 371-72, 377 (1976).

5       **A.**    **Graves v. Arpaio**

6       Plaintiff seeks relief pursuant to judgment entered in Graves v. Arpaio, CV 77-0479-

7  PHX-NVW, formerly Hart v. Hill, (D. Ariz). Plaintiff may not enforce the decrees entered

8  in Graves in a separate civil rights action. Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir.

9  2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525,

10  534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Moreover,

11  standing alone, remedial orders, such as that entered in Graves, cannot serve as a substantive

12  basis for a § 1983 claim for damages because such orders do not create "rights, privileges,

13  or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24. Rather,

14  remedial decrees are the means by which unconstitutional conditions are corrected. Id. at

15  1123. For these reasons, Plaintiff may not properly seek § 1983 relief to enforce Graves in

16  this action and he fails to state a claim to the extent that he seeks relief pursuant to Graves.

17       **B.**    **Sheriff Arpaio**

18       Although Arpaio may properly be sued for constitutional violations, Plaintiff fails to

19  state a claim against him. "A plaintiff must allege facts, not simply conclusions, that show

20  that an individual was personally involved in the deprivation of his civil rights." Barren v.

21  Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in his official

22  capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or

23  custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further,

24  there is no *respondeat superior* liability under § 1983, so a defendant's position as the

25  supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not

26  make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List,

27  880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable

28  for constitutional violations of his subordinates if the supervisor participated in or directed

JDDL-K            - 3 -

1   the violations, or knew of the violations and failed to act to prevent them." <u>Taylor</u>, 880 F.2d

2   at 1045.

3         Plaintiff fails to allege facts to support that Arpaio enacted or enforced a policy,

4   custom, or practice that resulted in the denial of Plaintiff's constitutional rights.  Further,

5   Plaintiff has not alleged that Arpaio directly violated his constitutional rights or that he was

6   aware that Plaintiff's rights were being violated but failed to act.  Thus, Plaintiff fails to state

7   a claim against Arpaio in his Complaint.

8              **C.    Conditions of Confinement**

9         A pretrial detainee's claim for unconstitutional conditions of confinement arises from

10   the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for

11   unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and

12   unusual punishment.   <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979).   Nevertheless, the same

13   standards are applied.  <u>See</u> <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).  To state a

14   claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently

15   serious" deprivation that results in the denial of "the minimal civilized measure of life's

16   necessities." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Allen v. Sakai</u>, 48 F.3d 1082,

17   1087 (9th Cir. 1994); <u>see</u> <u>Estate of Ford v. Ramirez-Palmer</u>, 301 F.3d 1043, 1049-50 (9th Cir.

18   2002).   That is, a plaintiff must allege facts supporting that he is incarcerated under

19   conditions posing a substantial risk of harm.  <u>Farmer</u>, 511 U.S. at 834.  Whether a condition

20   of confinement rises to the level of a constitutional violation may depend, in part, on the

21   duration of an inmate's exposure to that condition.  <u>Keenan v. Hall</u>, 83 F.3d 1083, 1089 (9th

22   Cir. 1996) (citing <u>Hutto v. Finney</u>, 437 U.S. 678, 686-87 (1978)).  In addition to alleging

23   facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff

24   must also allege facts to support that a defendant had a "sufficiently culpable state of mind,"

25   i.e., that the official acted with deliberate indifference to inmate health or safety.  <u>Farmer</u>,

26   511 U.S. at 834.  In defining "deliberate indifference" in the jail context, the Supreme Court

27   has imposed a subjective test: "the official must both be aware of the facts from which the

28   inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw

1   the inference." <u>Id.</u> at 837.  A plaintiff must also allege how he was injured by the alleged

2   unconstitutional conditions.  <u>See, e.g.</u>, <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996) (doctrine

3   of standing requires that claimant have suffered or will imminently suffer actual harm);

4   <u>Caswell v. Calderon</u>, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy requirement

5   means that plaintiff must have an actual or threatened injury traceable to the defendant and

6   likely to be redressed by a favorable judicial decision).

7         In his Complaint, Plaintiff generally alleges that Arpaio failed to ensure compliance

8   with the stipulated judgment in <u>Hart</u>, now <u>Graves</u>, resulting in failure to ensure safety,

9   adequate sanitation, and adequate nutrition and medical care.  Plaintiff makes only

10  conclusory assertions and fails to allege facts to support when, where, and how Arpaio, or

11  anyone else, acted with deliberate indifference to a substantial risk to Plaintiff's health or

12  safety.  Further, as noted above, Plaintiff may not attempt to enforce the decrees entered in

13  <u>Graves</u> in a separate lawsuit, nor may Plaintiff seek relief on behalf of other inmates, <u>see</u>

14  <u>Mothershed</u>, 410 F.3d at 610.  For these reasons, Plaintiff fails to state a constitutional

15  violation in his Complaint.

16  **V.    Leave to Amend**

17        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

18  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

19  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

20  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

21  to use the court-approved form, the Court may strike the amended complaint and dismiss this

22  action without further notice to Plaintiff.

23        Plaintiff must clearly designate on the face of the document that it is the "First

24  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

25  entirety on the court-approved form and may not incorporate any part of the original

26  Complaint by reference.  Plaintiff may include only one claim per count.

27        A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963

28  F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

1  or fails to state a claim upon which relief may be granted, unless the prisoner is under

2  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

3  **E.   Possible Dismissal**

4      If Plaintiff fails to timely comply with every provision of this Order, including these

5  warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

6  1260-61 (a district court may dismiss an action for failure to comply with any order of the

7  Court).

8  **IT IS ORDERED:**

9      (1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 3.)

10     (2)    As required by the accompanying Order to the appropriate government agency,

11 Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

12     (3)    The Complaint is **dismissed** for failure to state a claim.  Plaintiff has **30 days**

13 from the date this Order is filed to file a first amended complaint in compliance with this

14 Order.  (Doc.# 1.)

15     (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

16 Court must, without further notice, enter a judgment of dismissal of this action with prejudice

17 that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

18     (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

19 rights complaint by a prisoner.

20     DATED this 15th day of January, 2009.

21

22

23     _____

24     Mary H. Murguia
       United States District Judge

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:  _____
Address:_____
          Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)            )
     Plaintiff,        )
                           )
        vs.            )   **CASE NO.** _____
                           )   (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)        )
(2) _____ ,  )
                           )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )   **BY A PRISONER**
                           )
(4) _____ ,  )   ☐ Original Complaint
       Defendant(s).      )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____.
            (Position and Title)                         (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
            (Position and Title)                         (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
            (Position and Title)                         (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
            (Position and Title)                         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property      ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available
at your institution?                                                   ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?  ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why
you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings    ☐ Property       ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                   ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count II?        ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities      ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property      ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?      ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.